UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY L. WOODROFFE,

    Plaintiff,

v.                                                            CASE NO. 8:18-cv-3023-T-23CPT

ANN COFFIN, et al.,

    Defendants.
_____/

## **ORDER**

Appearing *pro se*, Gary L. Woodroffe moves (Doc. 1) for a temporary restraining order to enjoin the garnishment of Woodroffe's Social Security income and the foreclosure sale of Woodroffe's "homestead" scheduled for December 21, 2018, in accord with a state court's order (Doc. 1-1). A preliminary injunction is an "extraordinary and drastic remedy." *United States v. Jefferson Cty.*, 720 F.2d 1511, 1519 (11th Cir. 1983). Accordingly, a movant must comply with the requirements of Rule 65, Federal Rules of Civil Procedure, and Local Rule 4.05 and also demonstrate (1) that the movant possesses a substantial likelihood of success on the merits; (2) that the movant will likely suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs the damage the proposed injunction may cause the opposing party; and (4) that the public interest favors issuing the injunction. *Jefferson Cty.*, 720 F.2d at 1519.

Woodroffe's motion satisfies no requirement for issuing a temporary restraining order. For example, Rule 65(b)(1) mandates "specific facts in an affidavit or verified complaint clearly show[ing] that immediate and irreparable harm, loss, or injury will result . . . ." Although Woodroffe captions the motion as "verified," the motion includes no declaration "under penalty of perjury under the laws of the United States" as required by 28 U.S.C. § 1746. Woodroffe also presents no certification of an effort to give notice to the opposing parties, no reason that notice is infeasible, no argument of likely success on the merits, and no facts to assist a determination of the required security.

Even if Woodroffe had complied with the requirements for a temporary restraining order, lack of jurisdiction bars an order's issuance. With limited exceptions, the Anti-Injunction Act, 22 U.S.C. § 2283, prohibits a federal district court from granting an injunction to stay a state court proceeding. But Woodroffe's motion attempts to stay the execution of a state court judgment in an action commenced by JPMorgan Chase Bank in 2012. Additionally, a district court cannot hear "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced . . . ." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)). By requesting an injunction against a foreclosure sale,

Woodroffe impermissibly attempts to appeal a state-court judgment to a federal district court.

Woodroffe's motion (Doc. 1) is **DENIED**. The clerk is directed to close the case.

ORDERED in Tampa, Florida, on December 17, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE