UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY LEE WOODROFFE,

    Plaintiff,

v.                                            CASE NO. 8:18-cv-3023-T-23CPT

ANN COFFIN, et al.,

    Defendants.
_____/

**<u>ORDER</u>**

    Gary Lee Woodroffe, appearing *pro se*, asserts (Doc. 20) that his ex-wife kidnapped Woodroffe's child and moved to Florida two decades ago. Also, Woodroffe asserts that his ex-wife and "the government of Florida" defamed Woodroffe during child-custody proceedings by mentioning Woodroffe's status as a sex offender. Finally, Woodroffe claims that state officials fraudulently garnished Woodroffe's income from social security, which garnishment resulted in the foreclosure of Woodroffe's interest in a Florida residence. In a ninety-page complaint, Woodroffe claims (Doc. 20) that his ex-wife, the Florida Department of Revenue, the Florida Department of Law Enforcement, the Federal National Mortgage Association, several state court judges, and some state and federal officials violated various constitutional rights and statutory provisions.

A report (Doc. 21) recommends dismissing the complaint without leave to amend. The report correctly observes (1) that the shotgun complaint violates Rule 8, Federal Rules of Civil Procedure; (2) that *Rooker-Feldman* bars Woodroffe's attempt to vacate state-court foreclosure and domestic-relations judgments; (3) that *Younger v. Harris*, 401 U.S. 37 (1971), and the domestic-relations exception gravitate against interference with pending state-court proceedings; (4) that the complaint is duplicative of, and shares a common nucleus of operative fact with, an earlier-filed action, *Woodroffe v. Coffin*, 8:18-cv-2872 (M.D. Fla.) (Jung, J.); (5) that the Eleventh Amendment precludes Woodroffe's claims against state agencies and officials; (6) that the doctrine of judicial immunity bars Woodroffe's claims against the state-court judges; and (7) that Woodroffe otherwise fails to state a claim. Accordingly, the report recommends dismissing the complaint without leave to amend.

The "objections" (Doc. 22) recite Woodroffe's grievances against the defendants but fail to address the meritorious reasons for dismissal developed in the report and recommendation. The thorough and well-reasoned report (Doc. 21) is **ADOPTED**, and the amended complaint (Doc. 20) is **DISMISSED**. The clerk is directed to close the case.

ORDERED in Tampa, Florida, on September 26, 2019.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE